## ROCK HILL PRINTING & FINISHING CO. v. BERTHIAUME et al.

### Civ. A. 1153.

United States District Court, W. D. South Carolina, Rock Hill Division.

May 3, 1951.

452

Roddey & Ward, Rock Hill, S. C., for plaintiff.

Robert S. Cahoon, Greensboro, N. C., John Bolt Culbertson, Greenville, S. C., for defendants.

WYCHE, Chief Judge.

Plaintiff filed this suit praying that the defendants be enjoined and restrained from committing any of the unlawful acts set forth in the complaint, and that they be limited to peaceful picketing by a reasonable number of pickets. Within due time the defendants filed their petition for removal of the cause to this court upon the ground that the action is based upon a federal question within the original jurisdiction of the United States District Court. The case is now before me upon plaintiff's motion to remand.

The plaintiff is a textile manufacturing corporation engaged in interstate commerce. The defendants are employees of the plaintiff, and a labor union and its agents.

On April 6, 1951, a labor dispute at plaintiff's plant culminated in a strike accompanied by picketing. Plaintiff alleges that the picketing is accompanied by violations of state laws, violence, threats of violence and mass picketing designed to intimidate and coerce employees who do not desire to participate in the strike or picketing, and to coerce and intimidate such non-striking employees so as to compel them against their wishes to refrain from working in plaintiff's plant; that the foreging conduct on the part of striking union members is concerted action on their part planned and directed by their union, its officers and agents, and the plaintiff prays injunctive relief from the alleged coercive actions and intimidatory mass picketing.

It is the theory of the defendants that plaintiff's complaint boils down to an allegation that the defendants through the defendant union, and its agents, are restraining non-striking employees in their right to refrain from such concerted activity as participating in a strike, and that such constitutes an allegation of an unfair labor practice, controlled by Section 8(b) (1) of the Labor Management Relations (Taft-Hartley) Act, 1947, 29 U.S.C.A. § 158(b) (1), and that while the complaint itself does not base its right of action upon the Taft-Hartley Act, the rights of the plaintiff are exclusively controlled by such Act.

Section 7 of the Act provides, "Employees shall have the right to * * * engage in * * * concerted activities * * *, and shall also have the right to refrain from any or all of such activities * * *."

Section 8(b), is as follows: "It shall be an unfair labor practice for a labor organization or its agents—

"(1) to restrain or coerce (A) employees in the exercise of the rights guaranteed in section 7 * * *."

Section 10(a) provides, "The Board is empowered, as hereinafter provided, to prevent any person from engaging in any unfair labor practice (listed in section 8) affecting commerce. This power shall not be affected by any other means of adjustment or prevention that has been or may be established by agreement, law, or otherwise * * *."

Section 10(b) is as follows, "Whenever it is charged that any person has engaged in or is engaging in any such unfair labor practice, the Board, * * * shall have power to issue and cause to be served upon such person a complaint stating the charges in that respect, * * *."

Section 10(j) provides, "The Board shall have power, upon issuance of a complaint as provided in subsection (b) * * * charging that any person has engaged in or is engaging in an unfair labor practice, to petition any district court of the United States * * *, for appropriate temporary relief or restraining order. Upon the filing of any such petition the court shall cause notice thereof to be served upon such person, and thereupon shall have jurisdiction to grant to the Board such temporary relief or restraining order as it deems just and proper."

█ It is true that sections 7 and 8(b) (1) might cover the acts on the part of the defendants as alleged in the complaint, but my difficulty with the argument of the removing defendants is that under my construction of section 10 of the Taft-Hartley Act, the right to file any action on account thereof in the United States District Court is limited to the National Labor Relations Board, or its authorized agents, and relief can only be granted upon the application of the Board itself. This suit is filed by the plaintiff employer itself, and could not be filed, in my opinion, within the original jurisdiction of this court.

█ No one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted. Myers v. Bethlehem Shipbuilding Corp., 1938, 303 U.S., 41, 58 S.Ct. 459, 463, 82 L.Ed. 628.

Chief Judge John J. Parker of the Fourth Circuit, in a very able opinion upon the question here involved, said: " * * * there is no indication of any intention to change the method by which unfair labor practices were dealt with under the act or to vest the District Courts with jurisdiction as to these matters, except to the limited extent that such jurisdiction was expressly conferred. Under section 10(j) of the act, 29 U.S.C.A. § 160(j), the District Courts are expressly given jurisdiction to grant injunctions upon application of the Board after the latter has issued a complaint charging an unfair labor practice; under section 10(*l*) they are given jurisdiction to issue injunctions upon application of an officer or regional attorney of the Board in certain cases involving jurisdictional strikes and secondary boycotts; under section 208, 29 U.S.C.A. § 178, they are authorized to issue injunctions notwithstanding the provisions of the Norris-LaGuardia Act in certain cases involving strikes and lockouts affecting interstate commerce and imperiling the national health and safety, but only upon petition of the Attorney General following a report of a board of inquiry and direction by the President; and under section 303, 29 U.S.C.A. § 187, they are given jurisdiction of suits for damages arising out of jurisdictional strikes and boycotts. *In no other cases does the act confer jurisdiction upon the District Courts to deal with unfair labor practices; and it is hardly reasonable to suppose that Congress intended the District Courts to have general power to grant injunctive relief, at the suit of either unions or employers, with respect to any unfair labor practice that might exist, while limiting with such meticulous care the cases in which those courts might grant injunctive relief upon petition of the Labor Board or the Attorney General acting under the direction of the President.* Expressio unius est exclusio alterius." (Italics added.) Amazon Cotton Mill Co. v. Textile Workers Union, 4 Cir., 167 F.2d 183, at pages 186, 187. See, also, Jaffee v. Newspaper & Mail Deliverers' Union of New York and Vicinity, U.S.D.C. S.D.N.Y., 97 F.Supp. 443.

█ It is unnecessary for me to determine whether, in view of the Taft-Hartley Act, state courts are without any power in the exercise of either their criminal or equity jurisdiction, to deal with clear breaches of the peace during a labor dispute. It is sufficient that this action between the present parties is not within the original jurisdiction of this court, and would not, therefore, be removable.

Under such circumstances, it is my opinion that the cause is not removable to this court, and that the motion to remand should be granted, and

It Is So Ordered.