**DEPARTMENT STORE SERVICE, Inc.
v. "JOHN DOE" et al.**

Civ. A. 11854.

United States District Court
E. D. New York.
July 12, 1951.

871

shows that the suit is "for alleged conspiracy in restraint of commerce among the several states within the meaning of the Federal Anti-Trust Law, 15 U.S.C.A. § 1 et seq. The Sherman Law; and(b) for alleged secondary boycott and other alleged violations of the Labor Management Relations Act, 1947, 29 U.S.C.A. § 141 et seq." (Taft-Hartley Act).

Inspection of the complaint discloses:

The plaintiff performs services in the installation of television sets and refrigeration machinery. It does not sell goods or commodities. Paragraphs Ninth to Thirteenth, inclusive, allege acts of picketing; Fourteenth to Nineteenth, inclusive, the commission of torts upon plaintiff's employees; Twenty-First, threats to plaintiff's customers that their premises would be picketed; Twenty-Second, loss of customers; Twenty-Third and Twenty-Fourth, aloofness by the New York City police; Twenty-Fifth, negotiation of a contract with defendant signed June 1, 1951; Twenty-Sixth, strike by plaintiff's employees because they were not members of defendant Union; Twenty-Seventh, petition filed by defendant with New York State Labor Relations Board claiming to represent plaintiff's employees; Twenty-Eighth to Thirtieth, inclusive, proceedings before that Board; Thirty-First and Thirty-Second, defendants' direction to plaintiff to discharge its employees; Thirty-Third to Thirty-Sixth, inclusive, that such discharge would constitute an offence against the said state statute; Thirty-Seventh to Forty-First, inclusive, resumption of picketing; Forty-Second to Forty-Fifth, inclusive, picketing of plaintiff's customers and threats in connection therewith; Forty-Sixth to Fifty-Second, inclusive, the effects of the foregoing; Fifty-Fourth, efforts to "settle the outstanding issues" by recourse to arbitration, etc.; Fifty-Fifth to Fifty-Seventh, inclusive, defendants continuing threats, and inadequacy of remedy at law.

■ In terms, therefore, the complaint alleges no violation of any federal statute; if there were no such statute, the plaintiff's cause would lie in the courts of this state, and nothing is quoted from the Taft-Hartley law, nor in any decision rendered since

Joseph A. Teperson, New York City, for plaintiff.

Neuburger, Shapiro, Rabinowitz & Boudin, New York City (Leonard B. Boudin, New York City, of counsel), for defendant Union.

BYERS, District Judge.

This is a plaintiff's motion to remand an action brought in the Supreme Court of New York in which the plaintiff seeks an injunction against the unincorporated labor union, from picketing plaintiff's place of business, or its customers, trespassing on plaintiff's property, or interfering with its employees or committing acts calculated to harm or harass it in the conduct of its business.

Removal to this Court was had upon a petition which alleged that the complaint

its passage, which purports to declare that it was the intent of Congress to remit any controversy in which a secondary boycott was alleged, to the national courts, and to deprive the state courts of the power to function in the presence of appropriate cause.

While Title 28 U.S.C. § 1441 confers the right of removal as to "any civil action brought in a State court of which the district courts of the United States have original jurisdiction * * *", it is obvious that the nature of a given action is to be discovered from the plaintiff's pleading; it does not appear from this complaint, in my opinion, that the plaintiff has alleged a cause of which this Court would have jurisdiction, since diversity is not present.

If plaintiff had sought an injunction for alleged violation by the defendant of the Taft-Hartley Act, the cause could not be entertained, since it is only the National Labor Relations Board which can act in such a matter, Rock Hill Printing & Finishing Co. v. Berthiaume et al., D.C., 97 F. Supp. 451, and cases cited, which see.

Motion to remand granted; settle order.