## WALKER v. UNITED MINE WORKERS OF AMERICA et al.
### Civ. No. 10041.

United States District Court,
W. D. Pennsylvania.
June 23, 1952.

Common Pleas of Clearfield County, Pennsylvania.

On October 30, 1951, plaintiff filed a Bill of Complaint, in equity, seeking to enjoin certain allegedly unlawful acts and to recover damages therefor; and, on that date, the President Judge of the Court of Common Pleas of Clearfield County, Pennsylvania, granted a preliminary injunction against the defendants. Subsequently, on November 19, 1951, defendants petitioned this Court for removal of the action alleging that it arises under the laws of the United States, namely, the National Labor Relations Act, as amended by the Labor Management Relations Act, 29 U.S.C.A. § 141 et seq., and that it is one in which this Court has original jurisdiction under Section 1337 of Title 28 of the United States Code. This Court granted the petition and ordered the removal on November 19, 1951. Subsequently, plaintiff's motion to remand was filed.

Section 1441(a) of Title 28 of the United States Code authorizes removal from a state court to the United States District Court of "any civil action * * * of which the district courts of the United States have original jurisdiction". Our first question, therefore, is whether this Court has original jurisdiction of the action, or, in other words, whether this action could have been brought originally in this Court.

Defendants' answer to this proposition is that Section 1337 [1] of Title 28 of the United States Code gives this Court original jurisdiction since the action arises under an Act of Congress regulating commerce.[2] Neither party questions the fact that interstate commerce is affected by the controversy alleged in the complaint. Therefore, assuming that the action involves unfair labor practices and is thus within the purview of the Labor Management Relations Act, as argued by counsel

Sherman T. Rock, Clifford A. Weisel, Paul, Lawrence & Rock, Pittsburgh, Pa., Frank A. Whitsett, Clearfield, Pa., for plaintiff.

Samuel Krimsly, Albert C. Shapira, Pittsburgh, Pa., for defendants.

STEWART, District Judge.

This case is before the Court on plaintiff's motion to remand to the Court of

---

1. "The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies. June 25, 1948, c. 646, 62 Stat. 931."

2. No other basis of jurisdiction is asserted by defendants or can possibly exist under the allegations of the Bill of Complaint.

for defendants, it would seem, at first glance, that defendants' position has merit. However, if the specific Act of Congress involved (Labor Management Relations Act) limits the jurisdiction of the District Courts of the United States, then the general grant of jurisdiction under Section 1337 cannot serve to nullify this specific limitation of jurisdiction. The Labor Management Relations Act contains, in effect, limitations on the jurisdiction of the District Courts of the United States with respect to unfair labor practices. The Act in expressly conferring jurisdiction upon the District Courts with respect to unfair labor practices in certain specific cases upon certain conditions, necessarily excludes jurisdiction in all other cases.' Section 10(j) gives the District Courts jurisdiction to grant injunctions upon application of the National Labor Relations Board after the latter has issued a complaint charging an unfair labor practice; section 10(*l*) gives jurisdiction to issue injunctions upon application of an officer or regional attorney of the National Labor Relations Board in certain cases involving jurisdictional strikes and secondary boycotts; section 208 authorizes District Courts to issue injunctions notwithstanding the provisions of the Norris-LaGuardia Act, 29 U.S.C.A. § 101 et seq., in certain cases involving strikes and lockouts affecting interstate commerce and imperiling the national health and safety, but only upon petition of the Attorney General following a report of a board of inquiry and direction by the President; and section 303 gives jurisdiction of suits for damages arising out of jurisdictional strikes and boycotts. As stated by Judge Parker in Amazon Cotton Mill Co. v. Textile Workers Union, 4 Cir., 1948, 167 F.2d 183 at page 187,

> "In no other cases does the act confer jurisdiction upon the District Courts to deal with unfair labor practices; and it is hardly reasonable to suppose that Congress intended the District Courts to have general power to grant injunctive relief, at the suit

of either unions or employers, with respect to any unfair labor practice that might exist, while limiting with such meticulous care the cases in which those courts might grant injunctive relief upon petition of the Labor Board or the Attorney General acting under the direction of the President. Expressio unius est exclusio alterius."

■ The National Labor Relations Board has exclusive primary jurisdiction over the administration of the Labor Management Relations Act where the defined unfair labor practices are at issue and the federal trial courts are without jurisdiction to redress them by injunction or otherwise, except in the instances specifically provided. California Ass'n of Employers v. Bldg. & Construction Trades Council of Reno, Nev., 9 Cir., 1949, 178 F.2d 175; Amalgamated Ass'n etc., v. Dixie Motor Coach Corp., 8 Cir., 1948, 170 F.2d 902; Amazon Cotton Mill Co. v. Textile Workers Union, supra; Rock Hill Printing & Finishing Co. v. Berthiaume, D.C.W.D.S.C. 1951, 97 F.Supp. 451. See also, Algoma Plywood Co. v. Wisconsin Employment Relations Board, 1949, 336 U.S. 301 at page 314, 69 S.Ct. 584 at page 591, 93 L.Ed. 691, where Mr. Justice Frankfurter, speaking for the majority says:

> "Since the enumeration by the Wagner Act and the *Taft-Hartley Act of unfair labor practices over which the National Board has exclusive jurisdiction* does not prevent the States from enforcing their own policies in matters not governed by the federal law, * * *." (Emphasis added.)

We think this premise is a recognition that the Board has exclusive jurisdiction over the enumerated unfair labor practices.

Defendants argue that to apply this principle in this instance is to misconceive the nature of a removal proceeding. Relying on the language of Judge Clifford in Pocahontas Terminal Corp. v. Portland Bldg. & Const. Trade Council, D.C.Maine 1950, 93 F.Supp. 217 [3], defendants argue

---

3. This case was cited and followed by the District Court for the Western District of Michigan in Direct Transit Lines, Inc.

v. Local Union No. 406, I.B.T., etc. at Civil No. 1905, in an opinion filed February 5, 1952 [no opinion for publication].

that the limitations alluded to in the Labor Management Relations Act are limitations on the power of the District Courts of the United States and not on their jurisdiction. In that case, the trial court refused to remand concluding that it had original jurisdiction of the subject matter even though it lacked the power to grant the relief prayed for. We think the view expressed in Amazon Cotton Mill and the other cases cited, supra, to the effect that the District Courts lack jurisdiction over unfair labor practices except in the enumerated instances is the better one. Although the case of Rock Hill Printing & Finishing Co. v. Berthiaume, supra, was the only one raising the question on a motion to remand, we think that the reasoning of all is applicable here. The courts in the other cited cases were considering the propriety of the trial court's action on a petition for an injunction and each held, in effect, that the petition should have been dismissed for lack of jurisdiction.

Further, it seems anomalous to hold, on one hand, that a District Court has original jurisdiction sufficient to grant the removal of a cause and then to hold, on the other, that the cause, once removed, must be dismissed by the District Court for the reason that it lacks jurisdiction of the cause and consequently has no power to grant the relief sought. This, in effect, is what the defendants ask us to do.

Defendants argue that the conduct of the union, alleged in the Bill of Complaint, if established, will constitute violations of Section 8(b) (1) (A) and 8(b) (2) of the Labor Management Relations Act, and, as such, unfair labor practices. Plaintiff argues that the alleged conduct constitutes torts and crimes under the law of Pennsylvania, that Pennsylvania has power to regulate these activities under its inherent police power and that, therefore, the State Court has jurisdiction of this matter. We do not deem it necessary to resolve this conflict since we have concluded that, even assuming the alleged conduct constitutes

unfair labor practices, under the Labor Management Relations Act, this Court is without original jurisdiction to grant the relief sought.

Likewise, this Court is without jurisdiction to entertain the claim for damages resulting from the unfair labor practices, if such they be, since it is clear that the conduct is not within that described in Section 303, Amazon Cotton Mill Co. v. Textile Workers Union, supra, and since no diversity jurisdiction exists under the allegations of the Bill of Complaint.

Therefore, the motion to remand must be granted.

However, the Court, in this latter case, expressed grave doubt as to whether it would have original jurisdiction if only injunctive relief were sought. In the complaint before it, damages resulting from an unlawful boycott were sought pursuant to Section 303 of the Labor Management Relations Act which expressly gives the District Court jurisdiction in such a case.