## HASPEL v. BONNAZ, SINGER & HAND EMBROIDERERS, TUCKERS, STITCHERS & PLEATERS UNION LOCAL 66.

United States District Court
S. D. New York.
June 10, 1953.

George E. Reynolds, New York City, for plaintiff.

Elias Lieberman, New York City, for defendant.

DIMOCK, District Judge.

Plaintiff, Ephraim Haspel, whose business consists of performing certain operations for manufacturers of women's wear, has instituted an action for an injunction against Bonnaz, Singer & Hand Embroiderers, Tuckers, Stitchers & Pleaters Union, Local 66, hereinafter referred to as "the union". He now moves for a temporary injunction.

The union raises at the outset, and this seems to be the heart of the problem, an inquiry as to the jurisdiction of this court to grant an injunction, and this raises the further question of the jurisdiction of this court over this action.

In the complaint, jurisdiction is predicated on sections 301 and 303 of the Labor Management Relations Act, 1947, popularly known as the Taft-Hartley Act, 29 U.S.C. §§ 185, 187, and other provisions of this Act. The complaint goes on to allege various "unfair labor practices". In substance, it is alleged that the union has demanded that plaintiff permit it to require plaintiff's employees to join the union and abandon their own shop union and that plaintiff sign a certain contract with it. Then, it is alleged that the union has made various threats: to interfere with the transfer of merchandise to and from plaintiff; to force manufacturers and others to stop doing business with plaintiff; to violently interfere with plaintiff's plant and the conduct of his business; to have plaintiff and his employees assaulted; and to picket plaintiff's premises. The affidavit in support of the motion, by and large, reiterates the allegations of the complaint in the same general language. It adds that the demands were made by unnamed and undescribed representatives of the union on March 19, 1953 at plaintiff's place of business. The threats remain allegedly made by "the defendant labor union through its officers, agents, representatives and employees" and there is added that they have informed plaintiff that these threats would be carried out before he would have an opportunity "to invoke the powers and arms of the Police Department and of the Courts."

It appears from the complaint that both parties are residents of New York and therefore jurisdiction cannot be founded upon diversity of citizenship.

Section 301(a) of the Labor Management Relations Act, 1947, which does extend the jurisdiction of district courts plainly has no application to this case. It provides for jurisdiction in suits for violation of contracts between an employer and a labor organization. There is no contract alleged to exist between these two parties; rather plaintiff complains of an attempt to coerce him into making a contract with defendant union.

Plaintiff does complain of "unfair labor practices". Whether or not the acts alleged by plaintiff amount to unfair labor practices within the meaning of the National Labor Relations Act, as amended by the Labor Management Relations Act, 1947, 29 U.S.C. § 141 et seq., it seems to be settled that the district courts have not been given general jurisdiction over unfair labor practices and that such matters remain within the exclusive jurisdiction of the National Labor Relations Board. Amazon Cotton Mill Co. v. Textile Workers Union, 4 Cir., 167 F.2d 183; California Ass'n of Emp. v. Building and Const. Tr. Council, 9 Cir., 178 F.2d 175; International Longshoremen's & W. U. v. Sunset L. & T. Co., D.C.N.D.Cal., 77 F.Supp. 119; Walker v. United Mine Workers of America, D.C.W. D.Pa., 105 F.Supp. 608.

A recognized exception to this is one type of unfair labor practice over which Congress has expressly provided jurisdiction in the district courts. That provision is § 303(b) of the Labor Management Relations Act, 1947, which reads as follows:

"Whoever shall be injured in his business or property by reason or any violation of subsection (a) of this section may sue therefor in any district court of the United States * * * and shall recover the damages by him sustained and the cost of the suit." 29 U.S.C. § 187(b).

946

Subsection (a) of that section in general makes unlawful secondary boycotts and jurisdictional strikes. I will consider later whether plaintiff has stated a claim under this section but, assuming that he has, there remains to be considered whether an injunction may be had in a suit under section 303. The language of section 303(b) is explicit in providing for the recovery of damages but makes no mention of injunctive relief. In that same Act, section 101(*l*), 29 U.S.C. § 160(*l*), and in dealing with this same problem of secondary boycotts and jurisdictional strikes, Congress granted the district courts jurisdiction to issue injunctions upon application of an officer or regional attorney of the Board. Under section 101(j) of the Act, 29 U.S.C. § 160(j), the district courts were given jurisdiction to grant injunctions upon application of the Board after the latter had issued a complaint charging an unfair labor practice. Such power was also granted by section 208 of the Act, 29 U.S.C. § 178, notwithstanding the provisions of the Norris-LaGuardia Act, 29 U.S.C § 101 et seq., in certain cases involving strikes and lockouts affecting interstate commerce and imperiling the national health and safety, but only upon petition of the Attorney General after a report of a board of inquiry and direction by the President. In a field noted for its delicate problems and in which Congress has erected an elaborate statutory machinery to cope with those problems and in an act in which Congress has been careful to spell out the remedies it intended to grant, especially injunctive ones, I would hesitate to imply any remedy not expressly provided for by Congress. In addition, where Congress in granting jurisdiction has expressly provided for the recovery of damages but omitted any reference to injunctive relief, I feel compelled to conclude that this court has no power to grant an injunction in such a suit. The legislative history, I think, supports my conclusion. That was considered in a slightly different connection by Judge Parker in Amazon Cotton Mill Co. v. Textile Workers Union, 4 Cir., 167 F.2d 183, 188–189, supra, and I do not think it is necessary to repeat it here. The same conclusion was arrived at in Amalgamated Ass'n, etc. v. Dixie Motor Coach Corp., 8 Cir., 170 F.2d 902. See also International Longshoremen's & W. U. v. Sunset L. & T. Co., D.C.N.D.Cal., 77 F.Supp. 119, 122, supra. But see Milk and Ice Cream Drivers and Dairy Employees Union, Local No. 98 v. Gillespie Milk Products Corporation, 6 Cir., 203 F.2d 650, where it was held that injunctive relief might be had in an action for violation of a collective bargaining agreement brought under section 301(a) of the Act.

Having arrived at this conclusion, I must deny the motion for a temporary injunction. There remains, however, the question whether this court has any jurisdiction at all over this action. It is clearly an action for an injunction. No damages are alleged and none are prayed for. On the authority of Amalgamated Ass'n, Etc. v. Dixie Motor Coach Corp., 8 Cir., 170 F.2d 902, supra, the complaint then should be dismissed. Aside from this failure to allege damages the complaint is insufficient in failing to allege any violation of section 303. The only allegations that could possibly be construed to come within the meaning of section 303 are allegations of threats and it has been held that threats of conduct declared unlawful by section 303(a) are not made actionable by this section. Schatte v. International Alliance, Etc., 9 Cir., 182 F.2d 158, 165, certiorari denied 340 U.S. 827, 71 S.Ct. 64, 95 L.Ed. 608. In addition, I think that, even under our liberal system of pleading, if the complaint alleged that the threats had been carried out, it still would not state a claim under the terms of section 303(a) which is set out in the margin.[1]

1. 29 U.S.C. § 187(a) reads:

"(a) It shall be unlawful, for the purposes of this section only, in an industry or activity affecting commerce, for any labor organization to engage in, or to induce or encourage the employees of any employer to engage in, a strike or a concerted refusal in the course of their employment to use, manufacture, process, transport, or otherwise handle or work on

That this conduct may be unlawful for other reasons cannot supply jurisdiction in this court in the absence of diversity of citizenship and the requisite amount in controversy. Walker v. United Mine Workers of America, D.C.W.D.Pa., 105 F.Supp. 608; International Longshoremen's & W. U. v. Sunset L. and T. Co., D.C.N.D.Cal., 77 F.Supp. 119. See H. N. Thayer Co. v. Binnall, D.C.D.Mass., 82 F.Supp. 566.

The motion for a temporary injunction is denied and the complaint is dismissed for lack of jurisdiction.

any goods, articles, materials, or commodities or to perform any services, where an object thereof is—

"(1) forcing or requiring any employer or self-employed person to join any labor or employer organization or any employer or other person to cease using, selling, handling, transporting, or otherwise dealing in the products of any other producer, processor, or manufacturer, or to cease doing business with any other person;

"(2) forcing or requiring any other employer to recognize or bargain with a labor organization as the representative of his employees unless such labor organization has been certified as the representative of such employees under the provisions of section 159 of this title;

"(3) forcing or requiring any employer to recognize or bargain with a particular labor organization as the representative of his employees if another labor organization has been certified as the representative of such employees under the provisions of section 159 of this title;

"(4) forcing or requiring any employer to assign particular work to employees in a particular labor organization or in a particular trade, craft, or class rather than to employees in another labor organization or in another trade, craft, or class unless such employer is failing to conform to an order or certification of the National Labor Relations Board determining the bargaining representative for employees performing such work. Nothing contained in this subsection shall be construed to make unlawful a refusal by any person to enter upon the premises of any employer (other than his own employer), if the employees of such employer are engaged in a strike ratified or approved by a representative of such employees whom such employer is required to recognize under subchapter II of this chapter."