MONMOUTH CANNING COMPANY,
Plaintiff, Respondent,

v.

LOCAL UNION 340, TRUCKDRIVERS,
WAREHOUSEMEN AND HELPERS
UNION, Composed of David Hastings,
et al., Defendants, Petitioners.

No. 4–156.

United States District Court
D. Maine, S. D.
April 14, 1956.

**305**

Sidney W. Thaxter, Portland, Me., for plaintiff.

John J. Flaherty, Portland, Me., for defendant.

WOODBURY, Circuit Judge.

This is a suit in equity brought originally in the Supreme Judicial Court of the State of Maine and removed to this court by the defendants. It is before me, sitting as judge of the United States District Court for the District of Maine by designation of Chief Judge Magruder, on the plaintiff's motion to remand the case to the court in which it was filed. In my opinion the plaintiff's motion to remand must be granted.

The plaintiff is a Maine corporation engaged in the business of canning vegetables and other food products. It has canning plants in five Maine towns and a head office in Portland. The defendants are an unincorporated labor organization with its headquarters in Portland and five of its members. Those are its president who is also one of its business agents, its secretary-treasurer, two members, also business agents, and another member. All of them are citizens of Maine. The object of the suit, broadly speaking, is to prevent the defendants from enforcing the so-called "hot-cargo" clause in collective bargaining contracts entered into between the local union and various common carriers by motor vehicle operating under licenses issued by the Public Utilities Commission of the State of Maine which, if enforced, will prevent the plaintiff from shipping its product. The relief asked is an order of court which in effect will prevent the defendants from enforcing the "hot-cargo" clause so that the plaintiff's product can again move from its plants. There is no prayer for money damages.

There being no diversity of citizenship, the defendants' petition for removal is grounded upon the proposition that the original jurisdiction necessary for removal under Title 28 U.S.C. § 1441 is conferred upon this court by both § 1331 and § 1337 of the same Title. The argument is that this is a civil action arising under a law of the United States wherein the matter in controversy exceeds the sum or value of $3,000 exclusive of interest and costs, and that it is also and more particularly a civil action under § 8(b)(4) of the Labor Management Relations Act, 1947, 61 Stat. 141, 29 U.S.C.A. § 158(b)(4), which is an Act of Congress regulating commerce. The plaintiff's motion to remand is grounded on the proposition that the allegations of the complaint do not show that any federal question is involved but only that violations of the law of the State of Maine are complained of, and in addition, that original jurisdiction of the cause is lacking for the reason that this court is forbidden by the Norris-LaGuardia Act, so-called, 29 U.S.C.A. §§ 101–115 to grant the injunctive relief asked for in the complaint.[1]

 The original federal jurisdiction necessary for removal under Title 28 U.S.C. § 1441 exists in the absence of diversity of citizenship of the parties only if federal law is an essential element of the plaintiff's case for: "Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit." Gully v. First National Bank, 1936, 299 U.S. 109, 115, 57 S.Ct. 96, 99, 81 L.Ed. 70. And, to determine the fundamental basis of the suit reference must be had to the complaint and to it alone unaided by the answer, if any, or the petition for removal. Id., 299 U.S. 113, 57 S.Ct. 96. Turning then to the complaint it appears that no allegation is made that interstate or foreign commerce is in any way involved. It may well be, however, that such com-

---

1. In the view I take of the case this second contention does not require consideration.

merce is in fact involved. Indeed, from the nature of the plaintiff's business as disclosed in the complaint it would seem very probable that it is. But such involvement is not a necessary inference from the allegations as in Pocahontas Terminal Corp. v. Portland Building & Construction Trade Council, 93 F.Supp. 217, decided by this court in September 1950. That case is therefore distinguishable. However, in spite of its allegations of fact and although the complaint principally alleges violations of the law of Maine, it is said in one of its paragraphs that the "hot-cargo" clause of the contract between the union and the common carriers is illegal not only under the laws of the State of Maine but also under the laws of the United States. From this allegation it would appear that federal law is to some extent at least relied upon as affording relief.

But it is not necessary to decide whether this assertion of reliance on federal law is enough to support original federal jurisdiction, for whether it is or not the result would be the same. If it is not enough, and interstate or foreign commerce is not shown by the complaint to be involved, then, obviously, there being no diversity of citizenship, there is no federal jurisdiction and the case must be remanded. On the other hand, if the allegation is enough to show that federal law is fundamentally involved, the same result would follow. The reason for this is that it is obvious, and, indeed, the parties agree, that if interstate commerce is involved the complaint seeks relief from activities of the defendants constituting an unfair labor practice condemned by § 8(b)(4) of the Labor Management Relations Act, 1947. And the Pocahontas case, supra, notwithstanding, it now appears to be firmly established that the prevention of unfair labor practices is a matter within the exclusive jurisdiction of the National Labor Relations Board. See Garner v. Teamsters, etc., Union, 1953, 346 U.S. 485, 74 S.Ct. 161, 98 L.Ed. 228. This is not to say that in the event that interstate commerce is found to be involved

the state court also is necessarily without jurisdiction. That is a matter for the State Court and the State Court alone to decide. The defendants, of course, may argue want of jurisdiction to the State Court, but even though they should do so successfully and persuade that court that it lacked jurisdiction, it would not follow that this court has jurisdiction to entertain the complaint. Direct Transit Lines, Inc., v. Starr, 6 Cir., 1955, 219 F.2d 699; American Optical Co. v. Andert, D.C.W.D.Mo.1952, 108 F.Supp. 252; Walker v. United Mine Workers, D.C.W.D.Pa.1952, 105 F.Supp. 608; Rock Hill Printing & Finishing Co. v. Berthiaume, D.C.W.D.S.C.1951, 97 F.Supp. 451; see Hat Corp. of America v. United Hatters, etc., D.C.Conn.1953, 114 F.Supp. 890, 894; cf. Amalgamated Clothing Workers v. Richman Bros. Co., 1955, 348 U.S. 511, 75 S.Ct. 452, 99 L.Ed. 600.

An order has already been entered carrying out the view expressed in this memorandum.