GWALTNEY BROS., INC. (an Indiana Corporation), Plaintiff,

v.

MARION COUNTY BUILDING TRADES COUNCIL, an unincorporated labor organization, Wesley Taylor, as President of said Labor Organization and as a Representative of all members, John Doe Picket, whose legal name is unknown, Defendants (two cases).

Nos. IP 59–C–141, IP 59–C–170.

United States District Court
S. D. Indiana,
Indianapolis Division.

Aug. 18, 1959.

Raikos, Barton, Rochford & Thomas, by John D. Raikos, Indianapolis, Ind., for plaintiff.

Bernard M. Mamet, Chicago, Ill., Kivett, Bowen, Clancy & Kivett, by Donald E. Bowen, Indianapolis, Ind., for defendant.

STECKLER, Chief Judge.

These cases are before the court for rulings on plaintiff's motions to remand to the Circuit Court of Marion County, Indiana, and on defendants' motion to dismiss. In view of the court's ruling on the motions to remand, it will not be necessary to consider the motions to dismiss.

Plaintiff is an Indiana corporation engaged in the business of a general contractor, and defendants are an unincorporated labor union, its president and its secretary. Plaintiff originally brought these actions in the Circuit Court of Marion County, Indiana. There they bore Cause No. 80623 and Cause No. 80729, respectively.

Both actions arose from the same factual situation. Plaintiff is engaged in the construction of an office building in the city of Indianapolis and employs non-union labor. On May 7, 1959, defendant union began peaceful picketing of the construction site by causing its agents to walk to and fro on the sidewalk wearing a sign reading, "Unfair to Marion Building Trades Council."

In Cause No. 80623, plaintiff asks for an injunction against the picketing, and alleges irreparable injury in that the picketing is designed to carry the false impression that plaintiff refuses to hire members of the union, thereby perpetrating a fraud on the plaintiff, his subcontractors, and the public; that none of plaintiff's employees belong or want to belong to the union, but that the picketing is meant to put plaintiff out of business and to compel it to enter into contracts with the union against the will of its employees and contrary to the public policy of the State of Indiana; and that subcontractors and other persons refuse to cross the picket line, thereby diminishing plaintiff's business and the ordinary movement of concrete and other building supplies.

In Cause No. 80729 in the Circuit Court of Marion County, plaintiff again seeks an injunction along with damages, and alleges that the defendant union is interfering with plaintiff's right of contract; that defendants have created a continuing nuisance which interferes with the plaintiff's business; and that the pickets are strangers and threatened trespassers.

The Circuit Court of Marion County issued temporary restraining orders *ex parte* in both cases, but before the times set for hearings on plaintiff's requests for preliminary injunctions, defendants filed timely petitions for removal of the cases to this court pursuant to Title 28 U.S.C. § 1441(a) and § 1337.

Despite the pendency of the cases in this court, plaintiff continued to pursue new remedies and proceedings in the state court, which caused defendants substantial harassment and vexatious litigation, and exposed them to physical incarceration. On July 7, 1959, after a full hearing and after plaintiff's attorney stated that he would continue to pursue these state court measures unless restrained, this court issued a temporary injunction restraining plaintiff from pursuing any more state court remedies in order to maintain the status quo until this court could determine if it had jurisdiction of the cases removed. See Title 28 U.S.C. § 1651, as limited by § 2283.

Plaintiff has filed motions to remand the cases to the Marion Circuit Court on the grounds that this court does not have original jurisdiction of the matters, and thus they were improvidently removed. The defendants oppose the motion to remand and have filed motions to dismiss the actions for failure to state a claim upon which relief can be granted.

Defendants contend that the complaints are based upon conduct either protected or prohibited by the Labor-Management Relations Act of 1947, Title 29 U.S.C.A. § 141 et seq. (hereafter called the Taft-Hartley Act). Thus, this court has removal jurisdiction under Title 28 U.S.C. § 1441(a) and § 1337. However

plaintiff has failed to state a claim for relief since section 10 of the Taft-Hartley Act has decreed that plaintiff's exclusive remedy is through the National Labor Relations Board, 29 U.S.C.A. § 160; Guss v. Utah Labor Relations Board, 1957, 353 U.S. 1, 77 S.Ct. 598, 609, 1 L.Ed.2d 601; San Diego Building Trades Council v. Garmon, 1957, 353 U.S. 26, 77 S.Ct. 607, 1 L.Ed.2d 618; Amalgamated Meat Cutters, etc. v. Fairlawn Meats, Inc., 1957, 353 U.S. 20, 77 S.Ct. 604, 1 L. Ed.2d 613; Hotel Employees Union, Local No. 255 v. Sax Enterprises, Inc., 1959, 358 U.S. 270, 79 S.Ct. 273, 3 L.Ed.2d 289; San Diego Building Trades Council, Millmen's Union, Local 2020 v. Garmon, 1959, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775, and others.

The court accepts the defendants' preemption authority and would feel compelled to dismiss the cases were it to rule on the merits, especially since no violence has been alleged.

■ However the question of original jurisdiction to support the removal of these cases to this court is more difficult. The complaint shows no diversity of citizenship, no necessary inference that interstate commerce is involved, and does not expressly rely upon the Taft-Hartley Act. Of course, reliance on a federal statute may be inferred. But assuming arguendo that the complaint essentially does rely on activity regulated by the Taft-Hartley Act, a further question need be asked, namely, what is the effect of that act on the original jurisdiction of district courts? If the Taft-Hartley Act has deprived this court of jurisdiction, the court must remand the cases to the state court. On the other hand, if that act merely deprived the plaintiff of a claim for relief and left the jurisdiction of this court intact in labor matters, the court must retain the cases and rule on defendants' motions to dismiss. The distinction between lack of jurisdiction and failure to state a claim for relief has been made in Bell v. Hood, 1946, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939, a non-labor case.

■ The true effect of section 10 of the Taft-Hartley Act is to deprive this court of jurisdiction. Section 160 abounds with such words as "empowered," "power," and "jurisdiction." The original jurisdiction of the board is exclusive. "This power shall not be affected by any other means of adjustment or prevention that has been or may be established by agreement, law, or otherwise * * *." 29 U.S.C.A. § 160(a). Moreover, the negative implication that district courts have been deprived of original jurisdiction is compelling. In subsections (e), (j), and (l), it was necessary to grant the courts jurisdiction to entertain proceedings upon the petition of the Board expressly. The Board was not merely given a claim for relief. See Amalgamated Clothing Workers of America v. Richman Bros. Co., 1948, 348 U.S. 511, 75 S.Ct. 452, 99 L.Ed. 600; Amalgamated Ass'n of Street Electric Ry. & Motor Coach Employees of America v. Dixie Motor Coach Corp., 8 Cir., 1948, 170 F.2d 902; California Ass'n of Employees v. Building and Const. Trades Council, 9 Cir., 1949, 178 F.2d 175; Volney Felt Mills v. LeBus, 5 Cir., 1952, 196 F.2d 497. See also 29 U.S.C.A. § 101.

In the second Garmon case, supra, the Supreme Court in broad and sweeping language laid down the rule that when an activity is arguably subject to Section 7 or 8 of the National Labor Relations Act, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board.

■ Since this court has been ousted of original jurisdiction in these cases, it has no removal jurisdiction and must remand these cases to the state court. The state courts are also bound by this pre-emption, but must be allowed to determine their own jurisdiction. Also, this court has no power initially to determine the jurisdiction of the National Labor Relations Board but can only delimit its own jurisdiction. Newport News Shipbuilding & Dry Dock Co. v. Schauffler, 1903, 303 U.S. 54, 58 S.Ct. 466, 82 L.Ed. 646.

The decision to remand these cases is amply supported by precedent. Richman Bros. Co. v. Amalgamated Clothing Workers, D.C.N.D.Ohio 1953, 114 F. Supp. 185; Food Basket, Inc. v. Amalgamated Meat Cutters, etc., D.C.W.D.Ky. 1954, 124 F.Supp. 463; Rock Hill Printing & Finishing Co. v. Berthiaume, D.C. W.D.S.C.1951, 97 F.Supp. 451; see Monmouth Canning Co. v. Local Union 340, D.C.1956, 140 F.Supp. 304; Direct Transit Lines v. Starr, 6 Cir., 1955, 219 F.2d 699 (dicta).

Most of the defendants' authority is not in point, but Pocahontas Terminal Corp v. Portland Building & Construction Trades Council, D.C.Me.1950, 93 F.Supp. 217, merits special comment. In that case, a motion to remand a similar case was overruled since the complaint showed that interstate commerce was involved. The plaintiff corporation was a foreign corporation, was engaged on constructing a pier for ocean going vessels and had Bethlehem Steel Corporation as a subcontractor. No such necessary inference of interstate commerce is present in the case now before the court. Moreover, a subsequent decision in the same court that decided Pocahontas, supra, casts some doubt upon its continued vitality. Monmouth Canning Co. v. Local Union 340, D.C.Me.1956, 140 F.Supp. 304.

Since plaintiff's motion to remand to the Circuit Court of Marion County must be sustained, defendants' motions to dismiss become moot.

Accordingly, it is hereby ordered that each of the two cases, bearing Cause Numbers IP 59–C–141 and IP 59–C–170 in this court, and Cause Numbers 80623 and 80729 respectively, in the Circuit Court of Marion County, be and the same are remanded to the Circuit Court of Marion County.

It is further ordered that the preliminary injunction heretofore entered by this court in Cause Number IP 59–C–141, be and the same is hereby dissolved.

It is further ordered that the costs in this court in each cause be taxed against the defendants.

The Clerk of this Court is directed to forthwith mail a certified copy of this order to remand to the Clerk of the Circuit Court of Marion County, Indiana.