## HOME BUILDING CORPORATION v. CARPENTERS DIST. COUNCIL et al.

### No. 1595.

District Court, W. D. Missouri, W. D.
Dec. 29, 1943.

---

[1] No opinion for publication.

Cooper, Neel & Sutherland and Frank J. Rogers, all of Kansas City, Mo., for plaintiff.

Clif Langsdale and Clyde Taylor, both of Kansas City, Mo., for defendants.

REEVES, District Judge.

The sole question presented for consideration is whether a federal question has been introduced into this case by the plaintiff in its petition for injunction and other relief.

An examination of the petition shows that the plaintiff is a manufacturer located in Kansas City, Missouri, and engaged in interstate commerce. It has many employees, and by its petition it acknowledges that it is subject to the National Labor Relations Act, 29 U.S.C.A. § 151 et seq. In considerable detail it sets out facts which indicate a compliance with the provisions of the Act in its negotiations and transactions with its employees. Said employees were organized in rival unions and the selection of a bargaining agency was supervised according to the petition by a representative of the National Labor Relations Board.

Notwithstanding such alleged compliance with the National Labor Relations Act, the plaintiff asserts that the defendants have committed acts which it designates as unlawful and it seeks to restrain the defendants from the commission of further unlawful acts.

The suit was brought in a state court and removed to this court upon the ground that a federal question was introduced by the language of plaintiff's petition. In the petition for removal there is a recital that: "In said suit it is contended in behalf of the plaintiff that under a proper construction of said National Labor Relations Act, even peaceful picketing and similar activities are unlawful and are subject to restraint by a court of equity even though such picketing and activity would not be unlawful and not subject to injunction, if it were not for the evidence of said Federal law."

The question presented is now noticed and discussed:

1. A search of the petition does not disclose the contention asserted by the removing defendants either in direct language or by implication. The plaintiff substantially claims that, being subject to the National Labor Relations Act, it had complied strictly with the provisions thereof and that the defendants had committed with respect to it certain unlawful acts which were an interference with its manufacturing operations.

2. The courts have repeatedly passed on the question as to what averments in a petition or a complaint will raise a federal question. In the case of Taylor v. Anderson, 234 U.S. 74, loc.cit. 75, 34 S.Ct. 724, 58 L.Ed. 1218, Mr. Justice Van Devanter, delivering the opinion of the court, said: "It is now contended that these allegations showed that the case was one arising under the laws of the United States,—namely, the acts restricting the alienation of Choctaw and Chickasaw allotments,—and therefore brought it within the circuit court's jurisdiction. But the contention overlooks repeated decisions of this court by which it has become firmly settled that whether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute (now § 24, Judicial Code * * *), must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of (or) avoidance of defenses which it is thought the defendant may interpose."

The plaintiff by its petition does not ask for nor does it make mention of any statute it desires to have construed, nor does it rest its case upon the construction of any federal statute. Furthermore, the matter of picketing is not even mentioned in the National Labor Relations Act.

The Supreme Court, prior to this pronouncement by Mr. Justice Van Devanter, in the landmark case of State of Minnesota v. Northern Securities Co., 194 U.S. 48, loc.cit. 64, 24 S.Ct. 598, 48 L.Ed. 870, very definitely said that a federal question must appear in the language of the plaintiff's petition, complaint, or declaration. The court quoted approvingly from Chappell v. Waterworth, 155 U.S. 102, loc.cit. 107, 15 S.Ct. 34, loc.cit. 36, 39 L.Ed. 85, where the court said: "* * * a case * * * cannot be removed from a state court into the circuit court of the United States, as one arising under the constitution, laws or treaties of the United States, unless that appears by the plaintiff's statement of his own claim; and that, if it does not so appear, the want cannot be supplied by any statement in the petition for removal or in the subsequent pleadings."

Moreover, a federal question must be direct and not collateral; it must clearly appear. Armstrong v. Alliance Trust Co., 5 Cir., 126 F.2d 164, loc.cit. 166, 167; Gold-Washing & Water Co. v. Keyes, 96 U.S. 199, 24 L.Ed. 656.

Again, the facts must be stated showing that a statute of which the court has judicial knowledge is to be construed. Lewis on Removal of Causes, Section 85, p. 213. And a cause cannot be removed because in the course of the litigation a federal question might arise. Blackburn v. Portland Gold Mining Co., 175 U.S. 571, loc.cit. 581, 20 S.Ct. 222, 44 L.Ed. 276.

3. The petition for removal, as well as the briefs of the defendants, carefully and correctly show that plaintiff's petition or declaration seeks injunctive relief against the defendants because it is alleged that they were engaged in picketing its manufacturing establishment. While the complaint does not allege that the defendants were engaged in lawful picketing, yet the defendants have raised that question. Such question has been repeatedly adjudicated. Milk Wagon Drivers Union v. Meadowmoor Dairies, 312 U.S. 287, 61 S.Ct. 552, 85 L.Ed. 836, 132 A.L.R. 1200; Cafeteria Employees Union, etc., v. Angelos et al., 64 S.Ct. 126. The latter case was decided November 22, 1943.

The right of peaceful picketing does not arise under the National Labor Relations Act but under the right of free speech guaranteed by the 14th Amendment to the Constitution. Milk Wagon Drivers Union v. Meadowmoor Dairies, supra.

As has been repeatedly held, the fact that a right or an immunity originates in the laws of the United States is not enough to raise a federal question. Phillips v. Pucci, D.C., 43 F.Supp. 253 and cases cited.

4. For another and stronger reason this case is not removable. The Constitu-

tion of the United States provides what cases may be cognizable in the federal courts. The Constitution does not confer jurisdiction upon the national district courts but leaves to the Congress the authority to do so. Not every case where a federal question is involved is removable, nor is every case where there is a diversity of citizenship removable. Congress has prescribed that only those cases are removable on account of a diversity of citizenship, or a federal question, where the amount in controversy exceeds $3,000. In cases precisely like this one, the Congress has put further limitations upon the jurisdiction of the federal courts. Section 101, 29 U.S.C.A., specifically provides that: "No court of the United States * * * shall have jurisdiction to issue any restraining order or temporary or permanent injunction in a case involving or growing out of a labor dispute, except in a strict conformity with the provisions of such sections; nor shall any such restraining order or temporary or permanent injunction be issued contrary to the public policy declared in such sections."

It is obvious, not only from the letter of the statute, but from repeated adjudications, that this court is wholly without jurisdiction in a controversy of this kind even though a federal question had been in good faith raised.

In Green et al. v. Obergfell et al., 73 App.D.C. 298, 121 F.2d 46, loc.cit. 51 and 52, 138 A.L.R. 258, the court there said that it was the intent of the Congress "drastically to curtail the equity jurisdiction of federal courts in the field of labor disputes." See, also, Milk Wagon Drivers' Union v. Lake Valley Farm Products, Inc., 311 U.S. 91, 100, 61 S.Ct. 122, 85 L.Ed. 63; Wilson & Co. v. Birl et al., 3 Cir., 105 F.2d 948.

The defendants unquestionably understood this for the reason that, by a petition to remove, verified by oath, jurisdiction in the federal court is asserted, but the transcript of the record had scarcely been lodged here until the defendants filed motions to dismiss upon the claim that the court was without jurisdiction.

Section 71, 28 U.S.C.A., provides among other things that: "Any suit * * * arising under the constitution or laws of the United States * * *, of which the district courts of the United States are given original jurisdiction, in any State court, may be removed by the defendant or defendants therein to the district court of the United States for the proper district."

By express statute the district court is denied original jurisdiction of the subject matter of this action—that is, to grant an injunction except in certain extreme cases involving violence.

It must be ruled in view of the above that whereas no federal question is in fact involved, yet, even if so, this court could not exercise jurisdiction in this case. It follows that the case should be remanded to the court from which it was removed and it will be so ordered.