## AMERICAN OPTICAL CO. v. ANDERT et al.

### No. 7846.

United States District Court, W. D. Missouri, W. D.

Nov. 5, 1952.

Spencer, Fane, Britt, Lucas & Browne, Kansas City, Mo., for plaintiff.

Harry C. Clark, Kansas City, Mo., for defendants.

DUNCAN, District Judge.

The American Optical Company, a corporation, organized under the laws of the State of Massachusetts, and authorized to do business in the State of Missouri, with its branch office in Kansas City, Missouri, instituted this suit against the United Optical and Instrument Workers of America, CIO, and United Optical Workers Union No. 1258, affiliated with United Optical and Instrument Workers of America, CIO, and certain individuals who are designated as members, representatives and agents of the Union maintaining offices in Kansas City, Missouri, seeking to enjoin the defendants:

"* * * from picketing and striking plaintiff at its Kansas City branch, or at any or all its other branches for the purpose of compelling the plaintiff to recognize the Union as the exclusive bargaining representative for plaintiff's office and clerical employees at its Kansas City Branch, and from further causing and inducing picketing and striking by plaintiff's Laboratory and Maintenance employees at its Kansas City Branch in violation of the agreement aforesaid, and from continuing said strike and picketing, and, by the picketing and strike aforesaid, interfering with plaintiff's operations at its Kansas City Branch, and that, in the meantime, pending final determination of this cause, this court issue a temporary injunction to the same effect, and pending the issuance of said temporary injunction, plaintiff be granted a restraining order of this court issued to the same effect, and award plaintiff its costs herein incurred and expended."

Plaintiff alleges among other things that

"On April 15, 1952, plaintiff and the Union, which represents plaintiff's employees in the Laboratory and Maintenance at its Kansas City Branch for the purpose of collective bargaining, entered into a collective contract covering the wages, hours, working conditions, and other conditions of employment of plaintiff's said Laboratory and Maintenance employees, which contract does not expire until March 1, 1953."

That one of the provisions of the contract is:

'"The company and the Union agree that there shall not be any lockouts or strikes during the life of this agreement.'"

Plaintiff further alleges that on October 1, 1952 and since that date, in violation of the agreement, the Union called a strike and work stoppage of its employees employed in the Laboratory and Maintenance of its Kansas City Branch office, and placed a picket about the premises of plaintiff in Kansas City, and that members of the Union employed by the plaintiff in its Laboratory and Maintenance at its Kansas City Branch—

"* * * concertedly refused, and are now refusing, to cross said picket, and did refuse, and are now refusing to work, and did engage, * * *" in a strike and stoppage of work in violation of the agreement.

Plaintiff further alleged among other things that:

"* * * in order to determine such question of representation of such office and clerical employees, has suggested and requested that the Union present such question of representation to the National Labor Relations Board for determination."

That on October 3, 1952 the Union did:

"* * * file a petition to determine the question of representation with the National Labor Relations Board, but, before said petition could be processed by the National Labor Relations Board and an election held to determine whether or not the Union in fact represented a majority of such employees, the Union, on or about October 14, 1952, did withdraw said petition for representation from the National Labor Relations Board and continued its unlawful picketing and strike for the purpose of obtaining exclusive recognition as aforesaid."

Upon a presentation of the application to the State court, a temporary restraining order was granted. Thereafter, upon the petition of some of the defendants, the cause was removed to this court, and the plaintiff has filed Motion to Remand.

In the Petition for Removal filed by the defendants Oscar W. Calhoon, Virginia Allen and Local 1258, United Optical & Instrument Workers of America, CIO, it is alleged that the suit—

"* * * involves the determination by the State Court of the existence of an unfair labor practice within the meaning of Section 8(b) (1) and Section 8(b) (2) of the Labor Management Relations Act of 1947, 29 U.S. C.A. Section 141 et seq."

254

It is further alleged that the suit was brought under and involves a law of the United States, the Labor Management Relations Act of 1947, 29 U.S.C.A. 141 et seq., and that the United States District Court has jurisdiction over all cases where a United States law, whether constitutional or congressional, is involved, 28 U.S.C.A. § 1331, and that exclusive jurisdiction to issue injunctions in labor disputes affecting interstate commerce has been vested in the federal court system and the officials of the National Labor Relations Board, 29 U.S.C.A. § 160(e).

The question was orally presented to the court, argued at considerable length and each side has favored the court with an exhaustive brief.

■ The sole question for determination by this court is whether or not the United States District Court could have entertained original jurisdiction of the case. This court is not concerned with and cannot determine the jurisdiction of the State Court, but only its own jurisdiction. Under the Norris-LaGuardia Act, 29 U.S.C.A. § 101 et seq., and the National Labor Relations Act as amended by the Labor Management Relations Act of 1947, 29 U.S.C.A. § 141 et seq., the jurisdiction of the United States Court is limited and restricted to the granting of injunctions in labor disputes, to certain well defined acts and can entertain jurisdiction with respect to no other type of labor dispute.

Plaintiff contends that the allegations of the Complaint do not bring the matter within the provisions of the National Labor Relations Act; that there is no dispute within the meaning of that Act and that the State Court has jurisdiction. Repeating what has been said above, this court may not determine the jurisdiction of the State Court, but only its own jurisdiction, and in this case I think this court is not called upon to determine whether or not the dispute between the plaintiff and the defendants is solely within the jurisdiction of the National Labor Relations Board.

Assuming it to be such a dispute as to confer exclusive jurisdiction upon the National Labor Relations Board, this court would still be without jurisdiction to grant an injunction, except at the request of the National Labor Relations Board or the Attorney General of the United States under certain conditions well defined in the statute.

It seems clear and plain to me that if this court has no right to grant or deny the request based solely upon jurisdictional grounds, then the case would not be removable to this court, or jurisdiction vest in this court in the first instance. The question was discussed by the United States Court in Pocahontas Terminal Corp. v. Portland Bldg. & Const. Trade Council, D.C.Me.1950, 93 F.Supp. 217, a case with facts similar to this, in which it was held that the District Court had jurisdiction, refused to remand the case, but held that it was powerless to grant the relief prayed for. I cannot agree with the court's conclusion in that case.

The question was also before the District Court in the very recent case of Walker v. United Mine Workers of America, U.S.D.C.W.D.Pa., 105 F.Supp. 608, 611, in an opinion by Judge Stewart with respect to this particular question that the court had jurisdiction, but was powerless to act, he made this comment—(with which I agree)—

"Further, it seems anomalous to hold, on one hand, that a District Court has original jurisdiction sufficient to grant the removal of a cause and then to hold, on the other, that the cause, once removed, must be dismissed by the District Court for the reason that it lacks jurisdiction of the cause and consequently has no power to grant the relief sought. This, in effect, is what the defendants ask us to do."

Judge Stewart then discusses the allegations in the Bill of Complaint, as to whether or not it constitutes a violation of Sections 8(b) (1) (A) and 8(b) (2) of the Labor Management Relations Act, and, as such, unfair labor practices. The conclusion is reached that whether it does or does not, the court is without jurisdiction, and remanded the case. That case further stated:

"The Labor Management Relations Act contains, in effect, limitations on the jurisdiction of the District Courts of the United States with respect to unfair labor practices. The Act in expressly conferring jurisdiction upon the District Courts with respect to unfair labor practices in certain specific cases upon certain conditions, necessarily excludes jurisdiction in all other cases. Section 10(j) gives the District Courts jurisdiction to grant injunctions upon application of the National Labor Relations Board after the latter has issued a complaint charging an unfair labor practice; section 10($l$) gives jurisdiction to issue injunctions upon application of an officer or regional attorney of the National Labor Relations Board in certain cases involving jurisdictional strikes and secondary boycotts; section 208 authorizes District Courts to issue injunctions notwithstanding the provisions of the Norris-LaGuardia Act, 29 U.S.C.A. § 101 et seq., in certain cases involving strikes and lockouts affecting interstate commerce and imperiling the national health and safety, but only upon petition of the Attorney General following a report of a board of inquiry and direction by the President; and section 303 gives jurisdiction of suits for damages arising out of jurisdictional strikes and boycotts. As stated by Judge Parker in Amazon Cotton Mill Co. v. Textile Workers Union, 4 Cir., 1948, 167 F.2d 183 at page 187, 'In no other cases does the act confer jurisdiction upon the District Courts to deal with unfair labor practices; and it is hardly reasonable to suppose that Congress intended the District Courts to have general power to grant injunctive relief, at the suit of either unions or employers, with respect to any unfair labor practice that might exist, while limiting with such meticulous care the cases in which those courts might grant injunctive relief upon petition of the Labor Board or the Attorney General acting under the direction of the President. Expressio unius est exclusio alterius.' "

It seems clear to me, in view of the express provisions of the statute, that the District Court is entirely without jurisdiction to interfere in any matters of this kind, except at the request of the National Labor Relations Board. Therefore, being without original jurisdiction, this court could not acquire jurisdiction by removal.

The Motion to Remand should therefore be sustained and the cause remanded to the Circuit Court of the State of Missouri, within and for Jackson County.