### BERRIOS et al. v. BULL INSULAR LINE, Inc.

Civ. No. 8086.

United States District Court D. Puerto Rico, San Juan Division.

Feb. 11, 1953.

F. Ponsa Felin and Canales & Segarra, San Juan, Puerto Rico, for plaintiff.

Charles R. Hartzell, San Juan, Puerto Rico, for defendant.

RUIZ–NAZARIO, District Judge.

In this action, originally filed in the Superior Court, San Juan Section, of the Court of First Instance of the Commonwealth of Puerto Rico, plaintiffs have invoked the equity powers of the court in a controversy which involves or grows out of a labor dispute.

Had the same been originally filed in this court, its dismissal would have been mandatory for lack of jurisdiction of the subject-matter under the Norris-La Guardia Act, 29 U.S.C.A. §§ 101–115, and the National Labor Relations Act, Title 29 U.S.C.A. Chapter 7, Sub-Chapter II, Sections 151–168.

Defendant, however, on being summoned, removed the case to this Court alleging as ground therefor that the matter in controversy in the action exceeds the sum or value of $3,000 exclusive of interest and costs, and that diversity of citizenship exists between plaintiffs and defendant, invoking in support thereof Title 28 U.S.C. §§ 1332 and 1441.

Once here, defendant filed a motion requesting that the action be dismissed, alleging among other grounds for dismissal, that this court does not have jurisdiction of the subject-matter by virtue of the provisions of the Norris-La Guardia Act, cited supra.

At the hearing on said motion, plaintiffs filed a motion asking that the action be remanded to the court of the Commonwealth of Puerto Rico whence it was removed, alleging among other grounds, precisely this court's alleged lack of original jurisdiction under the Norris-La Guardia Act, also set up by defendant as one of the grounds of its motion to dismiss.

Thus, both parties concede that under the Norris-La Guardia Act this court is expressly denied jurisdiction of the subject-matter of this action.

However, they disagree as to the disposition to be made of the case in connection with such admitted lack of jurisdiction, defendant urging that the action should be ordered dismissed, while plaintiffs insist that the proper procedure is to remand the case back to the court from which it was removed.

Several authorities and cases have been cited by the parties, both at the oral argument on said motions and in additional memoranda filed by defendant's counsel, in support of their respective views thereon.

It has been very aptly stated that "the potentiality of originality is a condition precedent to removability." Solanics v. Republic Steel Corporation, D.C., 34 F. Supp. 951, 954.

Although as a general rule it rests within the Court's sound discretion to determine whether the action be dismissed or ordered remanded, said rule does not obtain when the subject-matter of the action is either one not cognizable in the federal courts or one of which said courts have been expressly deprived of all jurisdiction.

In this respect mere diversity of citizenship and amount in controversy in ex-

cess of $3000 furnish no lawful basis for entertaining jurisdiction over an action the subject-matter of which has been recognized as not within, or expressly placed beyond, the cognizance of the federal courts.

In Cates v. Allen, 149 U.S. 451, 459–460, 13 S.Ct. 883, 885, 37 L.Ed. 804, where the removing party, after obtaining the removal of the case to the federal court on like grounds, moved the court, as here, to order the action dismissed because it was not cognizable in the latter court, the Supreme Court stated as follows:

"So far as citizenship and amount were concerned, the plaintiffs were entitled to file their petition for removal; but the nature of the controversy was such that the suit was not properly cognizable in the circuit court for the reasons heretofore given. While there are cases where the courts of the United States may acquire jurisdiction by removal from state courts when jurisdiction would not have attached if the suits had been originally brought therein, those are cases of jurisdiction over the parties, and not of jurisdiction based upon the subject-matter of the litigation, and furnish no rule for the disposition of cases such as that before us. But it is not to be concluded where diverse citizenship might enable the parties to remove a case but for the objection arising from the nature of the controversy, that, if such removal has been had, the suit must be dismissed on the ground of want of jurisdiction. On the contrary, we are of opinion that it is the duty of the circuit court under such circumstances to remand the cause. The circuit court has jurisdiction to determine whether or not the case was properly removed, and this court has jurisdiction to pass upon that determination."

Said rule, though established almost sixty years ago, does not appear to have been abandoned, changed or even criticized since, but on the contrary has been followed in more recent cases.

In Home Building Corporation v. Carpenters District Council, D. C., 53 F.Supp.

803, where defendants pursued the same tactics now employed in the instant case, the Court rather than dismissing the action, remanded it.

Moreover, the statute invoked by defendant for removing the action to this Court, i. e., Title 28 U.S.C. § 1441(a), specifically provides as follows:

"*Except as otherwise expressly provided* by Act of Congress, any civil action brought in a State court of which the district courts of the United States have *original* jurisdiction, may be removed * * *."

The Norris-La Guardia Act, supra, has specifically provided that the district courts shall not have original jurisdiction of cases involving or growing out of a labor dispute, as the one herein.

Even if the question were one for the exercise of a sound judicial discretion, the court would not feel warranted in dismissing the complaint as requested by defendant, but would rather agree with plaintiffs that justice demands that it be remanded to the court of origin.

It is, therefore, hereby ordered that this action be remanded to the Superior Court, San Juan Section of the Court of First Instance of the Commonwealth of Puerto Rico, from which it was removed.