James JOHNSTON, Anthony Sudano, John E. Mitchell, Benjamin Magliozzi, Harry Makredes, James Bolen, Edward Hanscom, Belle Hanscom, Harriet Reid, Shelton Coats, and Mary Mamber, as they are members and officers of a voluntary unincorporated labor union association, Local No. 11, United Packinghouse Workers of America, CIO, whose members are too numerous to mention and who are fairly represented by the within plaintiffs; and Local No. 11, United Packinghouse Workers of America, CIO,

v.

COLONIAL PROVISION COMPANY, Inc.

Civ. No. 54-923-F.

United States District Court, D. Massachusetts.

Dec. 28, 1954.

Sidney S. Grant, Grant & Angoff, Boston, Mass., for plaintiffs.

Widett & Kruger, John Litwack, Boston, Mass., for defendant.

FORD, District Judge.

Plaintiffs here are a local union and its members who, since October 28, 1954, have been on strike against the defendant corporation. On November 8, 1954, defendant here filed a bill of complaint in the Superior Court of Suffolk County against the members of plaintiff union seeking injunctive relief and damages. The case was removed to this court and was remanded by Judge Wyzanski on the same day. Colonial Provision Company v. James Johnston, C.A. No. 54,879 November 8, 1954. The state court then, after hearing, made findings of fact and on November 26, 1954 issued a preliminary injunction by which plaintiffs here were enjoined "1. From maintaining more than fifteen (15) pickets at any time in the place used by employees going into and from the factory of the complainant, and 2. From following the vehicles and employees of the complainant, until further order of the Court." In this action plaintiffs ask this court to enjoin the enforcement of the state court injunction and further proceedings in the matter in the state court.

Plaintiffs' position is that the state court had no jurisdiction to issue its injunction because the matters complained of in the employer's bill in the state court action are all within the scope of conduct defined as unfair labor practices as to which the National Labor Relations Board is given exclusive jurisdiction in the first instance. 29 U.S.C.A. §§ 158(b) (1) and (d) and 160.

The bill of complaint in the state court did not seek to have the strike itself enjoined but only certain specific conduct of the strikers such as mass picketing and other acts alleged to constitute "a course of violence, intimidation, coercion, assaults, threats and damage to property" and threats and attempts to inflict bodily harm. The judge in the state court based his decree on findings that unlawful acts of violence had been committed, that further acts of violence would be committed with danger of breaches of the peace and injury to person or property, and that police protection against these acts was inadequate, and he enjoined only certain specific acts of the pickets which he found likely to lead to further violence.

As pointed out by Judge Wyzanski in his opinion of November 8, 1954, supra, the action brought in the state court was not one which fell within the scope of the doctrine laid down in Garner v. Teamsters Union, 346 U.S. 485, 74 S.Ct. 161, and Bethlehem Steel Co. v. New York State Board, 330 U.S. 767, 67 S.Ct. 1026, 91 L.Ed. 1234, holding that certain questions are within the sole competence of the National Labor Relations Board to the exclusion of any action by state courts or administrative agencies which conflicts with the federal remedy. That doctrine has clearly not been extended so far as to preclude state courts or agencies from giving relief from such tortious conduct as mass picketing, violence, or injury to person or property. Under the National Labor Relations Act prior to 1947 such state power was upheld in Allen-Bradley Local v. Wisconsin Employment Relations Board, 315 U.S. 740, 62 S.Ct. 820, 86 L.Ed. 1154. A similar result was reached under the Labor Management Relations Act of 1947 in International Union, etc., v. Wisconsin Employment Relations Board, 336 U.S. 245 at page 253, 69 S.Ct. 516, 521, 93 L. Ed. 651, where the court said "While the Federal Board is empowered to forbid a strike, when and because its purpose is one that the Federal Act made illegal, it has been given no power to forbid one because its method is illegal—even if the illegality were to consist of actual or threatened violence to persons or destruction of property. Policing of such conduct is left wholly to the states." In United Construction Workers, etc., v. Laburnum Construction Corp., 347 U.S. 656, 74 S.Ct. 833, the Supreme Court upheld the jurisdiction of a state court in a common-law action for damages for tortious conduct, even though that conduct also constituted an unfair labor practice under § 8(b) (1) (A) of the Labor Management Relations Act, 29 U.S.C.A. § 158(b) (1) (A). The conduct

enjoined by the state court in the present instance is clearly conduct of the same type as that involved in these cases. It is conduct as to which the state court has full power to grant injunctive relief.

National Labor Relations Board v. Thayer Co., 5 Cir., 213 F.2d 748, cited by plaintiffs, is not authority for the proposition that a state court has no power to enjoin any action which may constitute an unfair labor practice. It goes no farther than to hold that the fact that certain activity of striking employees has been enjoined by a state court is not conclusive against reinstatement by the Board of the striking employees, not because the state court had no jurisdiction in the matter, but because the fact that their conduct was illegal does not preclude the Board from finding that in the light of all the factors involved in the case, reinstatement is still an appropriate remedy. The court expressly recognizes at page 754 that "* * * the Supreme Court has held that the States are free, at least to some extent, to regulate the means or methods by which a strike is conducted."

■ There is an even more compelling reason why the present action must be dismissed. The relief sought is one which Congress has expressly forbidden this court to grant. 28 U.S.C.A. § 2283 provides: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." No Act of Congress authorized the injunction sought for here, and no judgment of this court is to be protected. There is no question of aiding the jurisdiction of this court. In so far as there is federal jurisdiction in the matter in controversy here, it is given primarily to the National Labor Relations Board and not to the courts. The courts are given jurisdiction to give relief against unfair labor practices only upon petition of the Board. 29 U.S.C.A. § 160(e), (k), and (l). In Capital Service, Inc., v. National Labor Relations Board, 347 U.S. 501, 74 S.Ct. 699, 702, the district court's action in enjoining enforcement of the state court injunction was upheld as being "necessary in aid of its jurisdiction" where the Board, acting under provisions of 29 U.S.C.A. § 160(l), had petitioned the court to enjoin the union conduct involved. No such element is present here. The Board has not sought the aid of this court.[1] To grant the injunction asked in this case would plainly violate § 2283. Amalgamated Clothing Workers of America v. Richman Bros. Co., 6 Cir., 211 F.2d 449, certiorari granted, 75 S.Ct. 43; cf. International Union of Electrical, Radio, and Machine Workers, CIO, v. Underwood Corporation, United States District Court of Connecticut, December 8, 1954, reversed 2 Cir., 219 F.2d 100.

■ There is a further reason for dismissing the present action. This same matter has already been before this court when the action in the state court was removed to this court, and later remanded on the ground that the subject matter was one within the jurisdiction of the state court and not of the federal court. The present action for an injunction asks this court to rule that the state court in its proceedings after remand has exceeded its jurisdiction and invaded a province exclusively reserved to federal jurisdiction. Thus the action is in effect one to review indirectly the previous judgment remanding the controversy to the state court. Such indirect review contravenes the provision, 28 U.S.C.A. § 1447(d): "An order remanding a case to the State court from which

---

1. In connection with the present labor controversy, defendant employer has petitioned the Board for a certification election, and has also brought another action in this court (C.A. No. 54–869) against plaintiff here for damages for breach of contract. Plaintiff union has also filed with the Board unfair labor practice charges against the employer. The employer has as yet brought no unfair labor practice charges against the union or its members.

it was removed is not reviewable on appeal or otherwise." Yankaus v. Feltenstein, 244 U.S. 127, 133, 37 S.Ct. 567, 61 L.Ed. 1036; McLaughlin Bros. v. Hallowell, 228 U.S. 278, 286, 33 S.Ct. 465, 57 L.Ed. 835; In re Satterley, 5 Cir., 102 F.2d 144; Atchison, T. & S. F. Ry. Co. v. Smith, 9 Cir., 47 F.2d 223, 224.

The applications for a preliminary and a permanent injunction are denied and the action is dismissed.