**LOCK JOINT PIPE COMPANY,**
Plaintiff,

v.

**E. O. ANDERSON, O. F. Rigney, Roy Williams, Floyd R. Hayes, Joe Doe and Richard Roe, Defendants.**

No. 9504.

United States District Court,
W. D. Missouri, W. D.

Jan. 10, 1955.

United Stone and Allied Products Workers of America, C.I.O., as their appropriate collective bargaining agent. Recently, however, the defendants affiliated with the American Federation of Labor have made claim to such representation and have petitioned the Board to so certify. The petition for certification is still pending the Board's determination. In order to induce the plaintiff to accede to their demand, the defendants have stationed pickets at several sites in Clay and Platte Counties, Missouri, where plaintiff is engaged in construction activities. Thereupon, the plaintiff petitioned the Circuit Court of Jackson County, Missouri, to enjoin defendants' picketing activities. A temporary restraining and show cause order was issued by the state court. Before a hearing could be had thereon the defendants removed the action to this Court, under Section 1441(c), T. 28 U.S.C.A., on the ground that a federal question, i. e. an interpretation of the Labor-Management Relations Act, 29 U.S.C.A. § 141 et seq., was presented.

Defendants, immediately upon perfection of their removal proceedings, moved this Court to vacate the restraining order issued by the state court on the ground that the jurisdiction of the Labor Relations Board over such disputes is exclusive. They also seek dismissal of the action, contending that neither this Court, nor the state court from whence removal was sought, have jurisdiction over the subject matter of this action.

Regardless of the merit of these motions, we must first consider the more basic question raised by the plaintiff in a motion to remand the cause to the state court. For if it appears that the removal was improper and that we have no jurisdiction over the subject matter of this action we are powerless to pass upon any of the other questions presented, including that of the state court's jurisdiction. Under the present removal statute, 28 U.S.C.A. § 1441, we are only empowered to order a remand if we have no jurisdiction of the subject matter of an action, leaving it to the state court

Jarrett & Simms, Harry A. Hall, Kansas City, Mo., for plaintiff.

Robert S. Fousek, John J. Manning, Kansas City, Mo., for defendants.

RIDGE, District Judge.

The present controversy arises out of a labor dispute involving, among other things, a jurisdictional dispute between two labor unions as to the right to represent certain of plaintiff's employees as collective bargaining representative. Apparently the employees have in the past been represented by a local of the

**694**

to determine its own jurisdiction. Cyc. of Fed. Pro., 3rd Ed., Sec. 3.140. Cf. Berrios v. Bull Insular Line, D.C., 109 F.Supp. 858; Home Building Corp. v. Carpenters District Council, D.C., 53 F. Supp. 804.

 The mere possibility that a federal question might arise in the disposition of a given cause of action does not necessarily mean that the action is one within the original jurisdiction of the Federal Courts under Section 1331, T. 28 U.S.C.A., or removable to the Federal Courts, under Section 1441(c), supra. Even if it be conceded that the presence of a federal question has been adequately shown, the cause is only removable if the subject matter is one over which the District Courts have original jurisdiction under Section 1331, supra. Here, jurisdiction to grant the relief sought by plaintiff in this labor dispute is expressly denied us by Section 4 of the Norris-LaGuardia Act, 47 Stat. 70, 29 U.S.C.A. § 104. See causes cited in Sandsberry v. Gulf, C. & S. F. Ry., D.C., 114 F.Supp. 834. The only way by which a United States District Court can now grant relief in any labor dispute is upon proper application of the Labor Relations Board made under Section 10(j) of the Labor-Management Relations Act, 29 U.S.C.A. § 160(j), as the cases cited by defendants recognize, Garner v. Teamsters, Chauffeurs and Helpers Local Union No. 776, 346 U.S. 485, 74 S.Ct. 161, 98 L.Ed. 228; Capital Service, Inc., v. N.L.R.B., 347 U.S. 501, 74 S. Ct. 699, 98 L.Ed. 887; Your Food Stores v. Retail Clerks Local No. 1564, D.C., 121 F.Supp. 339; and as defendants so contend in their motion to dismiss and suggestions filed before the Court, attacking our jurisdiction over the subject matter of this action.

It is, therefore, obvious that this Court is wholly without jurisdiction of a controversy of this kind. This Court has so previously ruled on two occasions which cannot be distinguished from the present controversy. See Home Building Corp. v. Carpenters District Council, D. C.W.D.Mo., 53 F.Supp. 804; and Ameri-can Optical Co. v. Andert, D.C.W.D.Mo., 108 F.Supp. 252. Cf. also Dynamic Mfrs., Inc., v. Local 614, etc., D.C.Mich., 103 F.Supp. 651; Walker v. United Mine Workers, etc., D.C., 105 F.Supp. 608.

We have no original jurisdiction over this removed action. The motion to remand must, therefore, be granted.

It Is So Ordered.