**WESTINGHOUSE ELECTRIC CORPORATION, a corporation of the Commonwealth of Pennsylvania, Plaintiff,**

v.

**LOCAL 456, OF INTERNATIONAL UNION OF ELECTRICAL AND RADIO, MACHINE WORKERS, C.I.O., Local 456 of United Electrical, Radio and Machine Workers of America, (U.E.), Lee Bracey, James DiIullo, Walter F. Clark and John Besante, Defendants.**

Civ. A. No. 1018–55.

United States District Court
D. New Jersey.

Nov. 7, 1955.

Stryker, Tams & Horner, Newark, N. J., by Walter F. Waldau, Newark, N. J., for plaintiff.

Sol D. Kapelsohn, Newark, N. J., for C.I.O.

William Rossmoore, Newark, N. J., for U.E.

MODARELLI, District Judge.

A complaint was filed on October 24, 1955, by Westinghouse Electric Corporation in the Superior Court of New Jersey, Chancery Division, Hudson County. Defendants are two local electrical unions. The state court set for a hearing on October 28, 1955, plaintiff's application for an interlocutory injunction. On that day, defendants complied with the formal procedural requirements of the federal removal statute, 28 U.S.C.A. § 1441 et seq. That statute clearly provides that when its requirements have been met "* * * the State court shall proceed no further unless and until the case is remanded." 28 U.S.C.A. § 1446. Despite that provision, the state court scheduled a hearing on the complaint for October 31, 1955. On that day, defendants appeared in this federal court and obtained a temporary restraining order prohibiting the plaintiff from proceeding with the scheduled hearing; the court also granted an order directing plaintiff to show cause why a temporary injunction should not issue enjoining it from proceeding with the state court hearing.

On November 1, 1955, plaintiff filed a motion for an order to strike from the records of this court the purported petition for removal on the grounds that it was frivolous and a sham on its face; and also moved for an order that the case be remanded to the state court.

Despite the several orders to show cause, motions and petitions filed in this action, the court really has before it the question of whether the case should be remanded to the state court.

In support of their alleged right to removal of the action to this court, *defendants argue* that the conduct complained of is "within the scope of conduct defined as unfair labor practices prohibited by the National Labor Relations Act, U.S.C. 29, sec. 158(b) (1) [29 U.S.C.A. § 158(b) (1)]." It is argued that the Act vests the National Labor Relations Board and the federal court with jurisdiction to determine the existence of unfair labor practices and to prevent such practice affecting commerce, and that plaintiff has not exhausted the procedure set forth in § 160, designed to prevent the acts complained of.

In support of its motion to remand, *plaintiff argues* that in its state court action it has complained of defendants' mass picketing, which is not an "unfair labor practice"; that *only* the state court has the power to enjoin mass picketing based on an employer's complaint and that therefore there is no power in this federal court to hear and determine the issues raised by the complaint. In support of its argument, plaintiff cites Weber v. Anheuser-Busch, Inc., 1955, 348 U. S. 468, 75 S.Ct. 480; United Construction Workers, affiliated with United Mine Workers of America v. Laburnum Const. Corp., 1954, 347 U.S. 656, 74 S.Ct. 833, 98 L.Ed. 1025; Garner v. Teamsters, etc., Union, 1953, 346 U.S. 485, 74 S.Ct. 161, 98 L.Ed. 228; Johnston v. Colonial Provision Co., D.C.Mass.1954, 128 F.Supp. 954.

At the outset, the court must construe the complaint filed in the state court and decide exactly what conduct is complained of. This is the threshold duty of the court because under the cases cited by plaintiff and because of defendants' contention, if there is express federal power to prevent the alleged injurious conduct, then the removal was proper. In other words, the two general problems now before this court are: (1) What is the conduct complained of, and (2) has Congress expressly set forth a preventive procedure against that conduct when an employer complains.

(1) Paragraph 16 of the complaint sets forth "* * * the specific acts of the defendants * * * of which the Plaintiff complains": (a) mass picketing, consisting of assembling, collecting, violently crowding, congregating, kicking, and massing pickets at the entrances of the plaintiff's plant in Jersey City in such manner as to completely prevent persons from access to the plant; (b) maintaining large picket lines containing at times in excess of 100 persons moving in close formation; (c) massing

large crowds of persons at the entrance to the plant and the public highway adjacent thereto at such times as nonstriking employees or others desire to enter the plant; (d) grabbing hold of and standing in front of motor vehicles in which persons seeking to enter or leave the plant were riding so as to prevent the entrance and exit of such vehicles; (e) threatening violence; (f) intimidating plaintiff's employees and threatening them with physical injury; (g) frightening persons desiring to enter the plant; (h) blocking automobiles seeking to enter the plant. Fairly read, the complaint relates to defendants' alleged mass picketing and obstructing the entrances and exits to plaintiff's premises. During the oral argument, plaintiff's attorney, in answer to the court's question, said that the sole purpose of plaintiff's complaint was to enjoin the alleged mass picketing and obstruction of the entrances to and exits from its plant premises.

(2) Under the circumstances of this case, has Congress provided a federal remedy to an employer against the above-mentioned conduct? If it has, then this court would have jurisdiction of the subject matter of the action and the motion to remand would be denied.

■ The starting point in any labor-management case concerning the highly controversial state-federal jurisdiction problem is the Garner case, supra. At page 488 of 346 U.S., at page 164 of 74 S.Ct. of that case, the Supreme Court mentioned four types of conduct as to which the state may exercise its historic powers; mass picketing; threatening of employees; obstructing streets and highways; picketing homes. These types of conduct the Court categorized as "traditionally local matter" involving public safety and order and the use of streets and highways. But as this court construes the Laburnum case, if Congress has expressly set forth a preventive procedure against the alleged conduct then the federal court has exclusive power to hear the complaint in this case. There is no doubt, under the Garner case, that the state court has power over the subject matter of this action. The problem under the removal statute is whether the federal court has *concurrent* power to enjoin, on the basis of a complaint by an employer, the above-described alleged conduct. Thus, the specific issue for the court is: Whether any Congressional Act or case decided thereunder empowers this federal court, on the basis of a complaint by an employer, to enjoin the above-described conduct by the union. Plaintiff argues that it seeks only to enjoin mass picketing and blocking of its plant entrances and that such injunction power is exclusively in the state court. In opposition, defendants argue that there is concurrent jurisdiction in the federal courts to enjoin the above-described conduct. They cite Direct Transit Lines v. Local Union No. 406, 6 Cir., 1952, 199 F.2d 89; S. E. Overton Co. v. International Brotherhood, etc., D.C. Mich.1953, 115 F.Supp. 764; Pocahontas Terminal Corp. v. Portland Bldg. & Const. Trade Council, D.C.Maine 1950, 93 F.Supp. 217, and they argue that Sections 7 and 8 of the Taft-Hartley Act, 29 U.S.C.A. §§ 157, 158, when read together, empower this court to issue the injunction sought by plaintiff. In the Direct Transit Lines case, paragraph 6 of the complaint alleged that the defendants' unions indulged in conduct intended to harass and hinder the company in the operations of its business, in order to force it to coerce its employees to join the defendant-union. No such allegation, which, if true, is clearly a violation of § 8(b)(1) of the Taft-Hartley Act, is contained in the complaint in this case. In the Overton case, the conduct complained of was a conspiracy of unions and common carriers to destroy plaintiff's business by preventing delivery of goods to and by plaintiff; such conduct clearly violates § 8(b) (4) (A) of the Act. And, again, no such allegation is contained in the complaint in this case. In the Pocahontas case, the complaint alleged "* * * in effect, that the defendants are picketing for the purpose of coercing [two subcontractors of plaintiff] * * * to sign closed

shop contracts with the unions. \* \* \* " The court properly held that such conduct was covered and made illegal by § 8(b)(2). In that case, the court also referred to two other allegations that clearly were covered by the Act.

Thus, in all the cases relied on by defendants, every one involved a complaint allegation that clearly was covered by a specific section of the Act.

On the other hand, in the Weber case the Supreme Court of the United States summarized its decisions involving the delicate problem of the interplay between state and federal jurisdiction touching labor relations under both the Wagner Act and the Taft-Hartley Act. And in telling us where its decisions "have brought us" (348 U.S. at page 474, 75 S. Ct. at page 484) the Court said at page 477 of 348 U.S., at page 485 of 75 S.Ct.:

"In Allen-Bradley Local No. 1111, etc., v. Wisconsin Employment Relations Board, 315 U.S. 740, 62 S.Ct. 820, 86 L.Ed. 1154, the State was allowed to enjoin mass picketing, threats of bodily injury and property damage to employees, obstruction of streets and public roads, the blocking of entrance to and egress from a factory, and the picketing of employees' homes. The Court held that such conduct was not subject to regulation by the federal Board, either by prohibition or by protection."

The rationale of that conclusion is that Congress designedly left open an area exclusively for state control. That area includes conduct of the type traditionally within the meaning of the phrase "police power of the states." Such a rationale also applies when, as in this case, the employer asks this federal *court* to enjoin conduct nearly identical to that which the Supreme Court said in the Allen-Bradley case was not within the power of a federal *Board.*

An additional reason why this court does not have concurrent jurisdiction with the state court over the subject matter of this action is that the *employer* seeks the injunction against the unions' conduct. On the basis of the elaborate injunction procedure set forth in both the Taft-Hartley Act, 29 U.S.C.A. § 141 et seq. and the Norris-LaGuardia Act, 29 U.S.C.A. § 101 et seq., "it is hardly reasonable to suppose that Congress intended the District Courts to have general power to grant injunctive relief, *at the suit of either unions or employers,* with respect to any unfair labor practice that might exist, while limiting with such meticulous care the cases in which those courts might grant injunctive relief upon petition of the Labor Board or the Attorney General acting under the direction of the President." Amazon Cotton Mill Co. v. Textile Workers Union, 4 Cir., 1948, 167 F.2d 183, 187. (Emphasis supplied.) This case was cited and quoted at length with approval in Walker v. United Mine Workers of America, D.C. Pa.1952, 105 F.Supp. 608; to the same effect see, Lock Joint Pipe Co. v. Anderson, D.C.Mo.1955, 127 F.Supp. 692 and American Optical Co. v. Andert, D.C., 108 F.Supp. 252, 254.

In view of the fact that defendants have not shown the court any authority to support the argument that the specific conduct complained of by the employer is specifically covered by any section of the Taft-Hartley Act or any other Federal Act; plus the fact that the latest Supreme Court interpretation of existing law and the rationale thereof is that under both the Taft-Hartley Act and the Wagner Act such conduct is not subject to any federal regulation; and the court having found persuasive federal cases holding that a federal court does not have jurisdiction to hear a complaint *by an employer* for an injunction against the conduct herein alleged; therefore, this court concludes it has no jurisdiction of the subject matter of the action and the case will be remanded to the state court where it originated.